# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

In re:

LUIS ECHEMENDIA DIAZ,

    Movant.

No. 07-1338
(D.C. No. 07-cv-1416-BNB)

ORDER
Filed October 5, 2007

Before **KELLY**, **McCONNELL**, and **GORSUCH**, Circuit Judges.

    Movant Luis Echemendia Diaz, a Colorado prisoner proceeding pro se, has filed a motion for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition, seeking to challenge his 1995 state convictions for first-degree assault, attempted first-degree murder, and a crime of violence. He filed his motion for authorization after first attempting to file an unauthorized § 2254 petition in the district court, which transferred the matter to this court in accordance with *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). We deny authorization.

    Mr. Echemendia Diaz filed his first § 2254 petition in 2001, which was denied by the district court as untimely. This court denied him a certificate of

appealability. *Echemendia v. Furlong*, No. 02-1515 (10th Cir. Apr. 16, 2004) (unpublished order).

Mr. Echemendia Diaz has now filed a motion requesting authorization to file a second or successive § 2254 petition. In the proposed § 2254 petition that he attempted to file in the district court, Mr. Echemendia Diaz seeks to present claims that his attorney withheld mitigating or exculpatory evidence from the police report, that an interpreter incorrectly translated his testimony in his state post-conviction proceeding, and that the state court should allow him to file another post-conviction motion. As best we can understand his motion for authorization, which is written primarily in Spanish, Mr. Echemendia Diaz contends that he is in prison because of mistakes and errors, and that his attorney and the prosecutor made many errors. He does not specify or describe these errors in his motion, but he attached copies of his state court post-conviction pleadings to his motion, which he claims describe the alleged errors. He also contends that the interpreter misinterpreted his words. He contends that he was sentenced to prison for crimes he did not do. He also states that he does not speak English, does not know how to fill out the required forms, and he wants a bilingual attorney. In this regard, we note that there is no right to counsel in collateral proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

To obtain permission to file a second or successive § 2254 petition, Mr. Echemendia Diaz must show that he has not raised his claim in a previous

habeas petition, 28 U.S.C. § 2244(b)(2), and that his new claim either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.* § 2244(b)(2)(A), or depends on facts, previously undiscoverable through the exercise of due diligence, that would establish by clear and convincing evidence that he was not guilty of the offense, *id.* § 2244(b)(2)(B).  We have carefully reviewed Mr. Echemendia Diaz's motion for authorization, including the attached exhibits, and his proposed § 2254 petition, and we conclude that he has failed to satisfy the requirements of § 2244(b)(2).  Although he claims there were errors related to his conviction, he has not presented any new evidence that could not have been discovered previously, and his claims do not rely on any new rule of retroactively-applicable constitutional law.

    Accordingly, we DENY Mr. Echemendia Diaz authorization to file a second or successive § 2254 petition.  This denial of authorization is not appealable and may not be the subject of a petition for rehearing or for a writ of certiorari.  *See* 28 U.S.C. § 2244(b)(3)(E).

                                  Entered for the Court,

                                  *Elisabeth A. Shumaker*

                                  ELISABETH A. SHUMAKER, Clerk